The Honorable Ronald B. Leighton

FILED ____ LODGED
____ RECEIVED
JAN 3 1 2020
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS SITTLER<br><br>Defendant. | NO. CR 19-5388 RBL<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Chantelle Dial and Angelica Williams, Assistant United States Attorneys for said District, Defendant Douglas Sittler, and Defendant's attorney, Keith MacFie, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: Possession with Intent to Distribute Methamphetamine, a lesser included offense of Count 1 of the Indictment, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B)(viii).

Plea Agreement - 1
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of Possession with Intent to Distribute Methamphetamine, a lesser included offense of Count 1, are as follows:

*First,* the defendant knowingly possessed a controlled substance, here methamphetamine;

*Second,* Defendant possessed the methamphetamine with the intent to distribute it to another person.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense of Possession with Intent to Distribute Methamphetamine, a lesser included offense of Count 1, are as follows: A maximum term of imprisonment of up to forty (40) years and a mandatory minimum term of imprisonment of five (5) years, a fine of up to $5 million, a period of supervision following release from prison of up to life but no less than four (4) years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant further understands that, in order to invoke the statutory sentence for the lesser included offense of Count 1, the United States must prove beyond a reasonable doubt that the offense charged in Count 1 involved more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the lesser included offense of count 1 involved more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and

Plea Agreement - 2
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Drug Offenses - Program Eligibility.** Defendant understands that, by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

Plea Agreement - 3
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds

Plea Agreement - 4
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense or offenses:

    a.    On or about September 4, 2019, in Thurston County, Douglas SITTLER did knowingly and intentionally possess, with the intent to distribute, methamphetamine, a Schedule II substance controlled under Title 21, United States Code, Section 812.

    b.    On September 4, 2019, law enforcement learned that an individual traded one pound of methamphetamine to SITTLER in exchange for a vehicle. Law enforcement then obtained a search warrant for SITTLER's residence.

    c.    Law enforcement served the search warrant on September 4, 2019. SITTLER was detained in his vehicle, a silver Infinity G35. Post-*Miranda*, SITTLER admitted he had methamphetamine in his pocket. Law enforcement located 65 grams of methamphetamine from SITTLER's front right shorts pocket. SITTLER also admitted to

Plea Agreement - 5
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

having a half-pound of methamphetamine in his residence and admitted that he traded a vehicle to an individual in exchange for methamphetamine.

    d.     SITTLER provided consent to search his Infinity. During a search of SITTLER's Infinity, agents seized 433 grams of methamphetamine.

    e.     From SITTLER's residence, agents seized 324 grams of methamphetamine, a digital scale, packaging materials, and $5326.81 in cash drug proceeds. SITTLER admits that the seized currency constitutes the proceeds of, and/or was used or intended to be used to facilitate, drug trafficking and/or the possession of methamphetamine.

    f.     SITTLER admits that he knowingly possessed with intent to distribute to other people more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.     A base offense level of 30, pursuant to USSG § 2D1.1(c)(5), because Defendant's offenses involved at least 500 grams but less than 1.5 KG of Methamphetamine;

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of

Plea Agreement - 6
*U.S. v. Sittler*, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of imprisonment of no less than seventy two (72) months and no more than ninety six (96) months.

Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Forfeiture of Assets.** Defendant agrees to forfeit to the United States, immediately, all of Defendant's right, title, and interest in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense set forth in Count 1 of the Indictment, and in any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of these offenses. This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a).

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

Plea Agreement - 7
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

15. **Notice Regarding Request For Detention Pending Sentencing.** The government will request that Defendant be remanded to custody following the entry of Defendant's guilty plea because the offense of conviction falls within the scope of 18 U.S.C. 3142(f)(1). Title 18 United States Code, Section 3143(a)(2) requires the Court to order detention pending sentencing unless the Court finds that Defendant is not likely to flee or pose a danger to the safety of another person or the community if released, and Defendant meets the standard of showing there are exceptional reasons why detention would not be appropriate.

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

Plea Agreement - 8
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the Court. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

Plea Agreement - 9
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800


    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19.    **Voluntariness of Plea.**  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter a plea of guilty.

20.    **Statute of Limitations.**  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//

Plea Agreement - 10
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

21. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 31st day of January, 2020.

_____
DOUGLAS SITTLER
Defendant

_____
KEITH MACFIE
Attorney for Defendant

_____
S. KATE VAUGHAN
Assistant United States Attorney

_____
CHANTELLE DIAL
Assistant United States Attorney

_____
ANGELICA WILLIAMS
Assistant United States Attorney

Plea Agreement - 11
U.S. v. Sittler, CR 19-5388 RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800